JOSEPH FRYE *versus* ATLANTIC AND ST. LAWRENCE RAILROAD COMPANY.

In an action against the Atlantic and St. Lawrence Railroad Company, to recover the value of a building situate on the route of their road, destroyed by fire communicated by an engine of said corporation running over their road, it is necessary to allege that the engine causing the fire was *in the use* of said company, or of their lessees, the Grand Trunk Railway Company.

Although a declaration defective in this particular will be held insufficient on *demurrer*, the defect may be supplied by an amended count, on payment of costs up to the time when the amendment was offered.

THIS was an action of the CASE to recover the value of a house and some lumber situate on the route of the defendants' road, alleged to have been destroyed by fire, " communicated by a locomotive engine of the said railroad corporation then and there running over said railroad."

At the first term, August, 1859, the counsel for the defendants filed a general demurrer.

At the March term, 1860, the counsel for the plaintiff, having given reasonable notice of his intention so to do, moved for leave to amend his writ by adding a new count. The defendants objected to the amendment as not legally admissible.

It was then agreed that the demurrer should be joined, and the case referred to the full Court. If, in their opinion, the demurrer should be overruled, the action was to stand for trial on the original writ; if the demurrer should be sustained, and the Court should be of opinion that the amendment was admissible, the action should stand for trial on the amended count; or, if the original count would be amendable on motion, upon the payment of costs or otherwise, the action should stand for trial; otherwise the plaintiff to become nonsuit.

The demurrer was joined, and the presiding Judge, KENT, J., ruled, *pro forma,* that it was good and sufficient. The plaintiff excepted.

*Hammons* and *Gibson,* for the plaintiff, argued that the declaration in the writ followed very nearly the language of the statute, 1842, c. 9, § 5, and contained all the essential requisites to charge the defendants.

If not, the amendment offered was within the discretion of the Court, and was rightfully allowed, being matter of form, and embracing only the same cause of action with the original declaration, as fully appears on inspection of the two counts.

*P. Barnes,* for the defendants.

The opinion of the Court was drawn up by

DAVIS, J.,— There is no allegation in the writ that the locomotive causing the fire was *in the use* of the Atlantic and St. Lawrence Railroad Company, or the Grand Trunk Railway Company, their lessees. The demurrer must be sustained.

The plaintiff, at *Nisi Prius,* may have leave to amend upon payment of costs up to the time when his amendment was offered, and in no event to recover costs accruing before that time.

TENNEY, C. J., and APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.